UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
97 AUG 13 AM 11: 23
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| GLENDA F. COX, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CV 96-PT-3291-M |
| DALKON SHIELD CLAIMANT'S TRUST, | ) ) |
| Defendant. | ) ) |

ENTERED
AUG 1 3 1997

**Memorandum Opinion**

This cause comes on to be heard on a motion to remand filed by the plaintiff, Glenda F. Cox, on January 10, 1997. In support of her motion, the plaintiff argues that (1) this court has no jurisdiction under 28 U.S.C. § 1334(b) to hear the instant suit; (2) that the cause should be remanded under 28 U.S.C. § 1452(b) for equitable reasons; and (3) that the court is required to abstain from hearing the present action under 28 U.S.C. § 1334(c)(2).

The present cause is a state law tort action brought against the Dalkon Shield Claimant's Trust ("Trust"). The Trust was created in an approved Chapter 11 reorganization plan to satisfy the personal injury claims of those who used the Dalkon Shield product developed by the A. H. Robins Company, the Chapter 11 debtor. Under the terms of the plan, in exchange for discharge from the personal injury claims of the claimants, the A. H. Robins Company placed a specified amount into the Trust, against

which all subsequent personal injury claims were to be brought. The court approving the plain retained jurisdiction over some matters in the governance of the Trust and placed limits upon tort recoveries against the Trust. See A. H. Robins Company, Inc., Debtor's Sixth Amended and Restated Plan of Reorganization, at 8.05 (U.S. Bankruptcy Ct. E.D. Va. March 28, 1988) ("Plan") and In re A. H. Robins Company, Inc., 85-01307-R (E.D. Va. July 1, 1991).[1] However, the court did not retain jurisdiction over the resolution of disputed Dalkon Shield personal injury claims. Plan at 8.05.

The plaintiff initially filed suit in the Circuit Court of Marshall County, Alabama, from which the cause was promptly removed to this court. Soon thereafter, the plaintiff filed her motion to remand.

The plaintiff's first contention in support of her motion to remand is that this court does not have jurisdiction over the present case under 28 U.S.C. § 1334. Under § 1334, a district court has original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." "Thus, for federal bankruptcy jurisdiction to exist, a case must at minimum 'relate to' a case under title 11." In re Boone, 52 F.3d 958, 960 (11th Cir. 1995)(citing Wood v. Wood (In re Wood), 825 F.2d 90, 93 (5th Cir.1987)). The Eleventh Circuit Court of Appeals adopted, as a test of whether a civil action is "related to" a title 11, the effects-test of Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984):

> In Pacor, Inc. v. Higgins [743 F.2d 984, 994 (3d Cir. 1984)], the Third Circuit enunciated a test for determining whether a civil proceeding is sufficiently related to bankruptcy to confer federal jurisdiction on the district court. "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." We join the majority of the circuits that have adopted the Pacor formulation.

---

[1] For example, punitive damages claims and recovery of attorney's fees are disallowed.

2

In the matter of Lemco Gypsum, Inc., 910 F.2d 784, 788 (11th Cir. 1990). The Third Circuit Court of Appeals has found the jurisdictional grant conferred upon the district court by the "related to" language contained in § 1334(b) to be quite broad:

> In interpreting the scope of 28 U.S.C. § 1334(b), we explained that the reach of "related to" jurisdiction is extremely broad, extending to any action the outcome of which "could conceivably have any effect on the estate being administered in bankruptcy." See Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir.1984)(emphasis in original). More important, in comparing 28 U.S.C. § 1334(b) (which reaches claims "related to" cases under title 11) to the general removal statute, 28 U.S.C. § 1441(b) (which is limited to actions "arising under" federal law), we noted that the scope of "related to" jurisdiction is broader than the scope of "arising under" jurisdiction. See Belcufine v. Aloe, 112 F.3d 633, 637 n. 6 (3d Cir.1997).

John Wyeth & Brother Ltd. v. Cigna Int'l Corp., ___ F.3d ___, 1997 WL 409449 at *5 (3<sup>d</sup> Cir. 1997).

As the plaintiff points out, the Trust is not part of the bankruptcy estate, per se. It is not managed by Bankruptcy Trustee and it consists of property that was conveyed into it years earlier through a reorganization plan. However, the Trust was set up by the debtor for the purpose of satisfying the claims of those individuals injured by the debtor's Dalkon Shield product. Any recovery be the plaintiff would affect the Trust and the manner in which the debtor's assets are distributed. As such, issues involving distributions from the Trust do relate to the Title 11 proceedings. See also, Waysack v. Dalkon Shield Claimants Trust, C 94-04409 CW at 4-5 (N.D. Cal. 1995); Holcomb v. Dalkon Shield Claimants Trust, C 95-0336 SBA at 10 (N.D. Cal. 1995); Fitzgerald v. Dalkon Shield Claimants Trust, C92-991R at 3-4 (W.D. Wash. 1992).

The plaintiff argues that, nonetheless, the district court renounced jurisdiction of any personal injury claims against the Trust in approving the reorganization plan of the A. H. Robins, Inc. Plan at 8.05. The Trust disputes this, maintaining instead that the district court's retention of jurisdiction over and control of certain matters related to the administration of the Trust introduces a Title 11 "taint" to the personal injury claims, rendering them related to the Title 11 proceeding.

This cause has sufficient impact upon the administration of the Trust and the claims of the other individuals with tort actions against the Trust such as to place it within the

related to jurisdiction of this court under § 1334(b), had it been brought as an initial matter before this court. In Things Remembered, Inc. v. Petrarca, ___ U.S. ___, 116 S. Ct. 494, 497 (1995)(emphasis added), the Supreme Court stated:

> There is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy. Nor is there any reason to infer from § 1447(d) that Congress intended to exclude bankruptcy cases from its coverage. The fact that § 1452 contains its own provision governing certain types of remands in bankruptcy, see § 1452(b) (authorizing remand on "any equitable ground" and precluding appellate review of any decision to remand or not to remand on this basis), does not change our conclusion. There is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context. We must, therefore, give effect to both. Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253 [] (1992).

The Court, in Things Remembered, contemplates not only application of the general remand provisions contained in 28 U.S.C. § 1447 to § 1452 bankruptcy removal, but also application of the general removal provisions in 28 U.S.C. § 1441 to § 1452 removal as well. See, Belcufine v. Aloe, 112 F.3d 633, 638 n.6 (3$^d$ Cir. 1997). This raises additional hurdles for the defendant who seeks to remove a "related to" case as opposed to an "arising under" case:

> To read Sections 1452 and 1441(b) as working in conjunction would provide plaintiffs in "related to," but not "arising under," cases with greater control over the choice of forum than defendants. Cf. RICHARD H. FALLON, JR., DANIEL J. MELTZER AND DAVID L. SHAPIRO, THE FEDERAL COURTS AND THE FEDERAL SYSTEM 1616 (1996) (noting, in the context of removal, that there are a number of federal statutes under which defendants are denied the choice of forum given to plaintiffs). Under such a system, a state law claim that was "related to," but not "arising under," a title 11 proceeding, could be brought by the plaintiff in a state court of the state in which the defendant was a citizen, and would not be removable, even though the case could have originally been brought in federal court. See 28 U.S.C. §§ 1441(b) & 1452.

Id. Although the present case does relate to a bankruptcy proceeding, it does not "arise under" Title 11. In the instant case, as the parties apparently concede, the Trust has been deemed a citizen of every state in which a plaintiff was injured. See Carden v. Arkoma Ass'n, 494 U.S. 185, 189 (1990) (holding that the citizenship of an unincorporated entity is determined by the citizenship of all of the entity's members). There is no diversity jurisdiction. See Waysack v. Dalkon Shield Claimants Trust, C 94-04409 CW at 3-4

(N.D. Cal. 1995) and Holcomb v. Dalkon Shield Claimants Trust, C 95-0336 SBA at 6-10 (N.D. Cal. 1995).

Even assuming that this court has subject matter jurisdiction, the court will remand the case for equitable reasons. In Thomasson v. AmSouth Bank, N.A., 59 B.R. 997, 1001 (N.D. Ala. 1986), this court articulated a set of factors to consider in deciding whether remand was appropriate on equitable grounds:

> Equitable grounds include: (1) forum non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result. See Browning v. Navarro, 743 F.2d 1069, 1076 n. 21 (5th Cir.1984).

Comity tips the scales in favor of remand, given that "the congressional mandate of abstention in certain 'related to' cases enhances the importance of comity as an equitable ground for remand." Id. at 1002. Section 1334(c)(2) of Title 28 states:

> Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. . . .

Although abstention would not be appropriate in this case — there is no ongoing state-law action due to the defendant's removal of this case, Congress has in § 1334(c)(2) evinced an intent to restrain district courts from interfering in state court actions that are only "related to" the Title 11 proceeding.[2]

After consideration of the Thomasson factors, this case will be REMANDED to the Circuit Court of Marshall County, Alabama. Cf. Waysack v. Dalkon Shield Claimants Trust, C 94-04409 CW at 7 (N.D. Cal. 1995) and Holcomb v. Dalkon Shield Claimants

---

[2] As this court has noted, the plaintiff's claim that this court should abstain likely is inapposite, as there is no ongoing state court proceeding. Some of the courts which have considered Dalkon Shield Claimants Trust cases have, however, applied the abstention doctrine to remand cases.

5

Trust, C 95-0336 SBA at 16 (N.D. Cal. 1995).

This 13th day of August 1997.

/s/ Robert B. Propst
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE